# NEWMAN MYERS KREINES HARRIS, P.C.

ATTORNEYS AT LAW

JAN KEVIN MYERS
CHARLES W. KREINES
IAN F. HARRIS
CHARLES DEWEY COLE, JR**
SHAHIN Y. MASHHADIAN

RICHARD L. NEWMAN (1921-2006)
ABRAHAM S. ALTHEIM (1954-2005)
)

40 WALL STREET
NEW YORK, NY 10005
(212) 619-4350
FAX: (212) 619-3622
www.newmanmyers.com

NEWMAN MYERS KREINES HARRIS
A PARTNERSHIP PRACTICING IN NEW JERSEY AFFILIATED WITH
NEWMAN MYERS KREINES HARRIS, P.C.

GRETCHEN A. BECHT*
JONATHAN I. WEG*
ANDREW D. ZALESKI
ADAM B. POE ***
ANTONIA S. PARSONS

* ALSO ADMITTED IN NJ
** ALSO ADMITTED IN NJ, DC & TX
*** ALSO ADMITTED IN DC & WV


August 24, 2026

The Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York

MEMO ENDORSED

**Re: Sukran Altun v. IBM Corporation et al.**
**Case Docket: 7:26-cv-06532-JGLC**
**Our File No.: NES 23960**

Judge Clarke:

We acknowledge receipt of the Court's order directing that this matter proceed to a mediation. Pursuant to the Court's Mediation Referral Order For Personal Injury Cases, we write to express cause why we believe this mediation, and the related discovery protocols, should be adjourned until a later date. I have spoken with plaintiff's counsel who agrees with this request.

This case involves an alleged trip/slip and fall on a walkway. Upon information and belief, the subject condition may have related to snow and/or ice.

While we are fans of the mediation process, an indispensable party has not yet been joined in this action and, in fact, there is a strong possibility that the two named defendants have been improperly joined in this case. As to the missing party, my client, International Business Machines, Corp. ("IBM") had retained a company called Jones Lang LaSalle to maintain the subject property including addressing conditions relating to snow and ice. Jones Lang LaSalle is not currently a party to this action. That entity would likely have discovery documentation relative to the subject incident and the maintenance of the subject area and would be indispensable in any effort to reach a financial settlement of this claim.

As to the statement above that the currently named defendants may have been improperly named, I note that our initial investigation suggests that the plaintiff Sukran Altun is also known as Sue Eris and is an IBM employee. Pursuant to governing law, the plaintiff may not bring a direct action against her employer. As to co-defendant FLIK, if Jones Lang LaSalle is the party with the obligation to maintain the subject area, then FLIK's alleged negligence is, at the very least, unclear.

Since there is an indispensable party missing from this litigation and since the current defendants do not currently appear to be proper parties to this action, we suggest that the mediation process be held off for a period time which would allow those issues to be addressed.

Very truly yours,

NEWMAN MYERS KREINES HARRIS, P.C.

CHARLES W. KREINES

CWK:lrm:lar

Application GRANTED. The Court stays mediation. The parties are directed to confer in good faith regarding the substantive issues discussed in this letter, and submit a status letter with respect to these issues by September 25, 2026. The letter shall include any agreements reached and those that remain unresolved, whether the parties now seek to be referred to mediation, and, if applicable, the parties' availability for an initial pretrial conference.

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge
Dated: August 24, 2026
White Plains, New York